IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MARY L. IVEY, )
)
       **Plaintiff,** )
)
v. ) Case No. CIV-13-365-RAW-SPS
)
CAROLYN COLVIN, )
**Acting Commissioner of the Social** )
**Security Administration,** )
)
       **Defendant.** )

## REPORT AND RECOMMENDATION

The claimant Mary L. Ivey requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be AFFIRMED

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A).

Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born December 5, 1961, and was fifty years old at the time of the administrative hearing (Tr. 416). She completed the eleventh grade, and has worked as a commercial cleaner and informal waitress (Tr. 242, 443). The claimant alleges that she has been unable to work since May 28, 2007, due to a back injury, arthritis, hypertension, depression, degenerative disc disease, and chronic pain (Tr. 241).

## Procedural History

On October 25, 2010, the claimant filed her current application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Her application was denied. ALJ Doug Gabbard, II, conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 8, 2013 (Tr. 12-26). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except that she was limited to occasional stooping (Tr. 18). The ALJ concluded that the claimant could return to her past relevant work as an informal waitress, or alternatively, that there was work in the regional and national economy that she could perform, *i. e.*, buffet waitress, and hostess (Tr. 25).

# Review

The claimant contends that the ALJ erred: (i) by failing to apply the proper step four sequential analysis, and (iii) by improperly finding that she had the education to perform the jobs of buffet waitress and hostess. The undersigned Magistrate Judge finds these arguments unpersuasive, and the decision of the Commissioner should therefore be affirmed.

The ALJ determined that the claimant had the severe impairment of degenerative disc disease of the lumbar spine, but that her alleged impairments of hypertension, mild hypokalemia and hypovalemia, chronic swallowing disorder and pain, left knee pain, carpal tunnel syndrome, left shoulder tendonitis and bursitis, GERD, migraines, depression, and dyslexia were non-severe (Tr. 15-18). Consultative examiner Geo-Phillips Chacko saw the claimant on December 15, 2010 (Tr. 313). At that time, she reported that she could not stand for more than 15 minutes, and could not lift over 10 pounds (Tr. 313). Upon examination, she had pain with range of motion testing of her back, had a safe and stable gait and 5/5 grip strength, and her heel/toe walking was normal (Tr. 315). He assessed her with DJD of the cervical and lumbar spine, dyslexia, chronic pain, and migraines (Tr. 315).

As part of the documents submitted by the claimant's attorney, Cary L. Bartlow, Ph.D., conducted a vocational rehabilitation evaluation of the claimant on July 21, 2011 (Tr. 182). He discussed the claimant's own reports, conducted testing related to her IQ, and made recommendations. As to her physical impairments, each of his recommendations that there would be no work the claimant could perform were given

with the caveat that they applied if the medical records supported the evidence (with regard to her migraine headaches, bowel incontinence, back and lower extremity radiculopathy pain, and psychological overlay in the nature of severe to extreme depression) (Tr. 190-191).

At the administrative hearing, the claimant testified as to her past work history, her impairments, and her medical treatment (Tr. 416-442). Later in the hearing, the ALJ asked the vocational expert ("VE") to identify the claimant's past work, to which the VE responded that the claimant had performed work as a commercial cleaner, which was "heavy, unskilled work, SVP: 2. [Claimant] described around the medical category primarily," and that she had worked as a waitress, which was "light, semi-skilled, SVP: 3." (Tr. 443-444). The ALJ then asked the VE if there were any transferable skills from those jobs, and the VE responded that there would "basic foodservice skills, restaurant skills. Expediting of food, things of that sort" (Tr. 444). The ALJ then asked the VE to "[a]ssume that we have a person who's the same age, education, and work experience as the Claimant who can perform light work with only occasional stooping. Can this hypothetical person perform the Claimant's past work?" (Tr. 444). The VE responded that such a person could perform the past relevant work of waitress. The VE also supplied the additional jobs of buffet waitress and hostess (Tr. 445). The VE testified that she would inform the court of any conflicts with the Dictionary of Occupational Titles (Tr. 443).

In his written decision, the ALJ summarized the claimant's hearing testimony and the medical evidence. The ALJ discussed the evidence related to the claimant's

degenerative disc disease, then turned to the evidence related to her non-severe impairments. He found Dr. Bartlow's opinion was not supported by the medical evidence, and was (as stated by Dr. Barlow) based on the claimant's own reports of her limitations, and the ALJ found that the medical evidence did not substantiate her claims, including an MRI and MR angiogram (Tr. 22-24). He stated that Dr. Bartlow's account appeared to be "more an act of courtesy to the claimant, rather than a genuine assessment of discrete functional limitations based upon clinically established pathologies," and declined to give the opinion controlling weight (Tr. 24). He also noted that the objective findings from Dr. Chacko's report did not support limitations in regards to her wrists, hands, and left shoulder, and gave the state reviewing physician opinions great weight. In finding that the claimant could perform her past relevant work as generally performed, the ALJ referred to the VE's testimony as to the claimant's past work and whether a hypothetical person similar to claimant could perform light work with occasional stooping (Tr. 24). He noted that the claimant had a limited education and had acquired the work skills of basic food service skills, restaurant skills, and customer service (Tr. 24). He then made the alternative finding that there was other work in the regional and national economy that the claimant could perform, *i. e.*, buffet waitress and hostess (Tr. 24-25). The ALJ thus concluded that the claimant was not disabled (Tr. 25).

The claimant first contends that the ALJ erred in his analysis at step four. Step four has three distinct phases. The ALJ must establish the claimant's RFC, then determine the demands of her past relevant work (both physical and mental), and ultimately decide if her RFC enables her to meet those demands. *See, e. g., Winfrey v.*

*Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ must specify his factual findings at each phase, *see id.* at 1023, and although the ALJ may *rely on* information provided by a VE, "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform h[er] past relevant work." *Id.* at 1025. The claimant contends that the ALJ failed to point to supporting evidence that she could perform light work,[2] and that Dr. Chacko's report indicated she could not perform light work. But the ALJ specifically noted all of the evidence related to the claimant's treatment, including conservative treatment for desiccated L4-5 disk that was improved with physical therapy, unremarkable hip x-ray, MRI revealing mild osteoarthritis of her left knee, treatment related to her degenerative disc disease including monitoring for the development of radiculopathy, and podiatry complaints, then gave great weight to the state physicians who found she could perform light work (Tr. 18-24). Plaintiff has failed to acknowledge that Dr. Chacko's was recounting the claimant's own reports when he discussed her standing and lifting limitations (Tr. 313). The ALJ then extensively turned to the evidence related to her nonsevere impairments, declining to give Dr. Bartlow's opinion controlling weight (a conclusion unchallenged on appeal) because there was no objective evidence supporting the claimant's allegations related to her headaches; allegations regarding incontinence, numbness, tingling, and discomfort, or back and lower extremity radiculopathy pain, or knee and ankle pain (Tr. 23). After addressing all

---

[2] Although the claimant frames this argument as a step five argument, it is more logically addressed at Phase I of the step four argument.

these allegations, he *still* concluded that the claimant could perform light work. The ALJ therefore *did* account for all of her impairments in formulating her RFC.

The claimant next contends that the ALJ failed to properly account for the demands of her past relevant work at phase two, and thus his conclusion that she could perform her past relevant work was not properly supported by evidence. With regard to phase two, the undersigned finds the ALJ's questioning of the claimant at the administrative hearing and the VE's testimony about the exertional and skill levels of the jobs was sufficient to establish the demands of the claimant's past work (Tr. 424-425, 441-444). *See, e. g.*, *Westbrook v. Massanari*, 26 Fed. Appx. 897, 903 (10th Cir. 2002) (finding that remand under *Winfrey* is appropriate only when the record is "devoid of even any mention of the demands of past relevant work[.]") [citation omitted] [unpublished opinion]. Even assuming *arguendo* the demands of the claimant's past work were insufficiently developed, the ALJ determined the claimant could return to her past relevant work as an informal waitress *as it was generally performed in the national economy*. This finding makes any further inquiry into the actual demands of the jobs unnecessary. *See*, *e.g.*, *Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1050 (10th Cir. 1993) (noting that the ALJ shall consider "the claimant's ability to perform either . . . '[t]he actual functional demands and job duties of a particular past relevant job; or . . . [t]he functional demands and job duties . . . as generally required by employers throughout the national economy.'"), *quoting* Soc. Sec. Rul. 82-61, 1982 WL 31387, at *1. *See also Wise v. Barnhart*, 42 Fed. Appx. 331, 333 (10th Cir. 2002) ("[T]he issue is not whether claimant can return to her actual past job, but to the type of

work she performed in the past.") [unpublished opinion], *citing Andrade*, 985 F.2d at 1051. Further, the ALJ made his own phase-three findings that the claimant's RFC did not preclude her performance of past work a waitress (Tr. 24). Although the ALJ clearly relied on the VE's testimony for his phase-three findings, *see Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) ("An 'ALJ may rely on information supplied by the VE at step four.'"), *quoting Winfrey*, 92 F.3d at 1025, he did not "delegate the analysis to the [VE]." *Id*. ("The ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis."). Thus, the ALJ's analysis of the claimant's past relevant work satisfied the requirements set forth in *Winfrey*.

Finally, the claimant argues that she lacked the education to perform the semi-skilled (SVP-3) jobs of buffet waitress and hostess. But the claimant's past relevant work as an informal waitress was semi-skilled (SVP-3), and the ALJ specifically asked the VE if a person with the same education and work experience as the claimant could perform such work. But even if the claimant did not have the appropriate education to perform this job, it would be harmless error because the claimant can return to her past relevant work. *See, e. g., Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding any error on whether claimant could perform job was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.") [unpublished opinion]. Furthermore, although it appears that the VE (and therefore the ALJ) might have made a typographical error when

citing to the hostess job (DICOT § 352.677-010, rather than the proper 352.667-010), such a typographical error does not require reversal as it is harmless and for the reasons stated above. *See Butterick v. Astrue*, 430 Fed. Appx. 665, 668 (10th Cir. 2011) (typographical error found to be harmless).

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be AFFIRMED. Any objections to this Report and Recommendation must be filed within fourteen days.

**DATED** this 6th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**